UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PLUM CREEK TIMBERLANDS, L.P., as
successor in interest to GEORGIA-PACIFIC
CORPORATION as successor in interest to
HUDSON PULP & PAPER CORPORATION**

                Plaintiff,

-vs-                                             Case No. 6:04-cv-1155-Orl-19KRS

**CIRCLE D. RANCH, INC., a Florida
corporation, A.W. BAYLOR, JUANITA
TILTON a/k/a JUANITA TILTON NOLAN,
JUANITA NOLAN, INC., a Florida corporation,
Robert F. Nolan, III, and the NOLAN LAND
MANAGEMENT TRUST**

                Defendants.
_____

# ORDER

This case comes before the Court on the following:

1. Defendants A.W. Baylor's and Circle D. Ranch, Inc.'s Motion to Set Aside Defaults Entered by Clerk and Motion for Leave to File Responsive Pleading. (Doc. No. 65, filed on May 5, 2005). Memorandum in Support of Motion to Set Aside Default Entered by Clerk. (Doc. No. 67, filed on May 5, 2005).

2. Plaintiff Plum Creek Timberlands, L.P.'s Response to Defendants A.W. Baylor's and Circle D. Ranch, Inc.'s Motion to Set Aside Default Entered by Clerk and Motion for Leave to File Responsive Pleading. (Doc. No. 71, filed on May 23, 2005).

**Background**

On July 28, 2004, Plaintiff Plum Creek Timber Company, Inc. filed a complaint against Defendants Circle D. Ranch, Inc., A.W. Baylor, Juanita Tilton, Juanita Nolan, Inc., Robert F. Nolan, III, and the Nolan Land Management Trust. (Doc. No. 1). Service was executed on Defendant Circle D. Ranch on August 9, 2004 and on Defendant A.W. Taylor on August 10, 2004. (Doc. No. 7, filed on August 17, 2004) (Doc. No. 21, filed on October 7, 2004). Defendants Circle D. Ranch and A.W. Taylor failed to respond to the complaint.

On February 2, 2005, Plaintiff Plum Creek Timberlands, L.P. filed a Second Corrected Amended Complaint. (Doc. No. 51). Defendants Circle D. Ranch and A.W. Taylor failed to respond to the Second Corrected Amended Complaint.

On April 18, 2005, the Court ordered Plaintiff to show cause within fifteen days from the date of the Order as to why the complaint against Defendants Circle D. Ranch, Inc. and A.W. Baylor should not be dismissed for failure to prosecute pursuant to Local Rule 3.10(a). (Doc. No. 58).

On April 28, 2005, Plaintiff responded to the Court's Order to Show Cause. (Doc. No. 59). Plaintiff stated that it had corresponded with counsel for Defendants Circle D. Ranch, Inc. and A.W. Baylor regarding the filing of a responsive pleading by these Defendants beginning in August 2004 in an attempt to avoid the entry of a default pursuant to Federal Rule of Civil Procedure 55(a).

The correspondence that Plaintiff included in response to the Court's Order to Show Cause reflects the fact that Plaintiff's counsel and Defendants' counsel communicated with each other regarding the filing of a responsive pleading. (*See* Doc. No. 59, Ex. A). On August 24, 2004, Defendants' counsel, Scott Simpson, wrote to Plaintiff's counsel, Christopher Greene, that he was confirming their conversation in which Greene granted an extension of time to all Defendants until

September 17, 2004 to file a responsive pleading in the case. (*Id.*)

On September 14, 2004, Simpson wrote to Greene to inform him that he had been in contact with his paralegal, Susan Bontesky, and she indicated that Greene would not have a problem with an October 1, 2004 extension to file an answer. (*Id.*) Due to the recent hurricane, Simpson wrote that his office had been without power for almost a week. (*Id.*)

On September 28, 2004, Simpson wrote to Greene that pursuant to their conversation he spoke with Ronnie Clark who consented on behalf of his client and on behalf of Mr. Padgett to amend the complaint. (*Id.*) Simpson's understanding was that he would have twenty days from the receipt of the amended complaint to file a responsive pleading. (*Id.*)

On September 30, 2004, Greene wrote to Simpson stating that Plum Creek Timber Company, Inc. is required to make a payment pursuant to the terms of the lease that is the subject of the suit. (*Id.*) In light of the issues raised in the litigation, Greene requested instructions as to whom Plum Creek should direct the lease payments for the month of October and subsequent months during the pending litigation. (*Id.*)

On November 11, 2004, Greene wrote that he had repeatedly requested information with respect to the Federal Employee Identification Number in connection with the monthly lease payments. (*Id.*) Plum Creek was anxious to affect the payments. (*Id.*)

On December 2, 2004, Simpson asked Greene to advise him as to when the Court approves the Amended Complaint so he can file a timely answer. (*Id.*)

On January 18, 2005, Simpson wrote that he consented to the filing of an Amended Complaint and that it was his understanding that he could not file an answer until the Court had approved the filing of the Amended Complaint. (*Id.*) Simpson asked Greene to advise him as to when he received

the Court's approval so he could file a timely answer. (*Id.*)

On February 3, 2005, Simpson wrote that he consented to the filing of the Second Corrected Amended Complaint. (*Id.*) Simpson stated that he had not filed any responsive pleadings in the case due to the initial extensions previously granted and the multiple amended complaints that had been filed. (*Id.*) Simpson had not heard from the Court regarding any potential default and wrote that Greene had agreed that if the Court raised the issue the parties would stipulate to the setting aside of any such default. (*Id.*)

On March 29, 2005, Greene asked Simpson to file and serve the response on behalf of his client. (*Id.*)

On April 5, 2005, Simpson wrote that he should have the responsive pleading filed by the end of next week. (*Id.*) Simpson was trying to determine the appropriate corporative representative for Circle D Ranch, Inc. (*Id.*)

On April 28, 2005, the same day that Plaintiff responded to the Court's Order to Show Cause, Plaintiff filed a Motion for the Clerk's Entry of Default against Defendants Circle D. Ranch and A.W. Baylor. (Doc. No. 60, filed on April 28, 2005). (Doc. No. 61, filed on April 28, 2005).

On May 2, 2005, the Clerk entered default against Defendants Circle D. Ranch and A.W. Baylor. (Doc. No. 62).

On May 5, 2005, Defendants Circle D. Ranch, Inc. and A.W. Baylor filed a Motion to Set Aside the Clerk's Entry of Default and Motion for Leave to File a Responsive Pleading, arguing that good cause exists to set aside the Clerk's Entry of Default. (Doc. No. 65).

On that same day, without leave from the Court, Defendant A.W. Baylor filed an answer. (Doc. No. 68). The answer contained the affirmative defenses of waiver, estoppel, laches, statute of

limitations, rule against perpetuities, lack of legal standing, and lack of contractual standing. (*Id.*) Defendant A.W. Baylor also asserted a counterclaim for breach of contract for damages in excess of $75,000. (*Id.*)

On May 23, 2005, Plaintiff responded to Defendants' motion, arguing that Defendants failed to show good cause for their failure to respond. (Doc. No. 71).

This Order analyzes Defendants' Motion to Set Aside the Clerk's Entry of Default.

**Standard of Review**

Federal Rule of Civil Procedure 55(c) states that for "good cause" the Court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). FED. R. CIV. P. 55(c). The "good cause" standard applies to requests to set aside a default entered by the Clerk of Court, while the Rule 60(b) standard applies to motions to set aside an actual judgment of default entered by the Court. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The distinction is significant because the good cause standard is less stringent than the standard applied under Rule 60(b). *Id.*

**Analysis**

Defendants' motion currently before the Court is one for removal of the entry of default and not one to set aside a default judgment. Accordingly, the Court will apply the less stringent "good cause" standard in order to decide whether to grant the request.

Good cause is a "'mutable standard,' varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal citation omitted). The standard is also a liberal one. *Id.* While good cause is not susceptible to a precise formula, some general guidelines are commonly applied. *Id.* Courts consider

whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense...whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (internal citations omitted). Whatever factors the Court ultimately employs, "'the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default.'" *Id.* (internal citation omitted). If a party wilfully defaults by displaying an intentional or reckless disregard for the judicial proceedings, then the Court does not need to make any other findings to deny relief. *Id.* at 951-52. (internal citation omitted).

The record reflects that Defendants' failure to respond to Plaintiff's complaint and Second Amended Corrected Complaint was due to an informal arrangement between Defendants' counsel and Plaintiff's counsel. Plaintiff's counsel and Defendants' counsel communicated by letter regarding this case from August 24, 2004 through April 5, 2005. These communications often referenced extensions of time that Plaintiff's counsel granted Defendants' counsel to file responsive pleadings. Furthermore, in its response to the Court's Order to Show Cause, Plaintiff stated that it had corresponded with counsel for Defendants Circle D. Ranch, Inc. and A.W. Baylor regarding the filing of a responsive pleading by these Defendants beginning in August 2004 in an attempt to avoid entry of a default pursuant to Federal Rule of Civil Procedure 55(a).

While Defendants' counsel should have asked the Court for an extension of time and informed the Court of the arrangement with Plaintiff's counsel, the informal communications between Plaintiff's counsel and Defendants' counsel is sufficient to demonstrate good cause to set aside the default. *See, e.g.*, *Hutton v. Fisher*, 359 F.2d 913 (3d Cir. 1966). In *Hutton*, plaintiff's counsel gave defendants'

counsel additional time to answer a complaint and told defendants' counsel that he had as much time as he needed. *Id.* at 914. Several months later, an associate at plaintiff's counsel's firm, who did not have knowledge of the informal arrangement, filed a motion for entry of a default and for judgment against the defendants. *Id.* The court entered a default and listed the case for future trial to assess damages. *Id.* Three years later, the deputy clerk of the district court mailed to the defendants a notice to appear in court if they wished to contest the question of damages that would be tried that day. *Id.* Defendants received no other notice that a default had been entered against them. *Id.*

The Third Circuit found that the failure of defendants' counsel to ask the court for an extension of time for the filing of an answer soon after opposing counsel had given his consent was plainly negligent and that counsel's failure to file any pleading or take any step in the litigation for nearly three years was grossly negligent and inexcusable. *Id.* at 915. While the associate at plaintiff's counsel's firm was not aware of the informal arrangement, the Third Circuit held that the default would be set aside. *Id.* The appellate court reasoned that if the senior counsel had obtained the default without advising the court of the agreement, this withholding of relevant information would in itself have been enough to justify the setting aside of the default. *Id.* The appellate court noted other factors that were critical in its consideration including the fact that one of the three defendants was the minor son of the two adult defendants, the lack of notice given to the defendants on the plaintiff's motion for a jury trial and bench trial on the issue of damages, and the substantial amount of damages involved. *Id.* at 915-16.

Similarly, in the instant case, Plaintiff's counsel and Defendants' counsel had an informal arrangement whereby Plaintiff's counsel agreed to extend the time in which Defendants could respond. Plaintiff's counsel even stipulated that he had communicated with Defendants' counsel in an attempt to

avoid the entry of a default.

Applying the factors articulated by the Eleventh Circuit in *Compania*, Plaintiff has not demonstrated that setting aside the default would result in prejudice.  Furthermore, Defendants acted promptly to set aside the default by filing a Motion to Set Aside the Entry of Default only three days after the Clerk entered the default.  Finally, Defendant A.W. Baylor asserted a number of defenses and a counterclaim which could affect the disposition of this case.  Given the fact that the preferred disposition of any case is on the merits, the Court grants Defendants' Motion to Set Aside the Defaults entered by the Clerk of Court.

### Conclusion

Based on the foregoing, the Court **GRANTS** Defendants A.W. Baylor's and Circle D. Ranch, Inc.'s Motion to Set Aside Defaults Entered by the Clerk and Motion for Leave to File Responsive Pleading.  (Doc. No. 65).  Defendant A.W. Baylor's answer shall be deemed timely filed.  (Doc. No. 68).  Defendant Circle D. Ranch shall file a responsive pleading within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June _1___, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record